UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Respondent,<br><br>v.<br><br>LAWRENCE WEITZMAN,<br><br>    Defendant-Movant. | Case No. 1:11-CV-226-BLW<br>    1:06-CR-126-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

  Pending before the Court is Lawrence Weitzman's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 and Emergency Motion for Bail (Dkt. 1). Having reviewed the Motion, Weitzman's Supporting Memorandum (Dkt. 4), the Government's Motion to Dismiss (Dkt. 8), and Weitzman's Response to the Motion to Dismiss (Dkt. 10), as well as the underlying criminal record, the Court enters the following Order dismissing the § 2255 Motion and finding the Motion for Bail moot.

### BACKGROUND AND SUMMARY OF ISSUES

Following his plea of guilty to conspiracy to structure transactions and launder money in violation of 18 U.S.C. § 371, the Court sentenced Weitzman to a term of imprisonment of 27 months, a fine of $25,000, and a special assessment of $100 and ordered Weitzman to forfeit property in the substituted value of $175,000. *Judgment*, Dkt. 1110 in criminal case. The Court found the guideline range to be 87 to 108 months which was capped at the statutory maximum of 60 months. The Court then imposed a sentence below the guideline range primarily because Weitzman suffers from an incurable form of blood cancer, Waldenstrom's Macrogobulinemia. Aware that he was being actively treated at the Stanford University Medical School with an experimental clinical trial drug called Cal-101, the Court postponed his reporting date to allow for an additional treatment prior to incarceration and included in the Judgment the following recommendations:

> . . . that the Defendant undergo a thorough medical assessment by the Bureau of Prisons, and that the Defendant be granted a medical furlough under 18 U.S.C. § 3622(a)(1) (sic)[1] in order to obtain medical treatment and to allow the Defendant to continue his participation in a clinical trial. The cost of the medical furlough shall be paid by the Defendant. The Court further recommends that the Defendant be placed in a facility as close to his residence as possible.

*Judgment* at 2, Dkt. 1110.

Weitzman self-reported on November 17, 2010, to the Bureau of Prison's ("BOP")

---

[1] The subsection to which the Court was actually referring was 18 U.S.C. § 3622(a)(3) which pertains to furloughs for medical treatment not otherwise available. Subsection 3622(a)(1) pertains to furloughs to visit a relative who is dying.

**MEMORANDUM DECISION AND ORDER - 2**

medical center in Butner, North Carolina, where he remains incarcerated. His projected release date is November 1, 2012.

Because his Plea Agreement contained an appeal waiver, Weitzman did not appeal his conviction or sentence. However, he timely filed the pending § 2255 Motion under an exception to the § 2255 waiver which permitted a § 2255 motion alleging ineffective assistance of counsel based solely on information not known to him at the time of sentencing and which could not have been known by him at that time. *Plea Agreement* at ¶ VII.B, pp. 11-12, Dkt. 681. More specifically, Weitzman alleges that counsel was ineffective for not determining prior to sentencing that despite its Policy Statement 6031.01 permitting medical furloughs, BOP's actual practice is to deny furloughs for medical care involving clinical trials. He contends that "counsel's erroneous reliance upon the Bureau's program statement mislead the sentencing court into believing that the defendant would be accorded a reasonable opportunity to obtain medical furloughs to continue his treatment on Cal-101." *§ 2255 Motion* at 10.

The § 2255 Motion was prompted by the steady decline of Weitzman's health since January 2011 and the BOP's alleged refusal to allow him a furlough to participate in the Stanford clinical trial despite the recommendation of the Dr. Andres Carden, the lead oncologist at Butner, that he be placed back on the trial.

Weitzman seeks release on bail to resume treatment and seeks resentencing taking into consideration the "newly discovered impediments to defendant's access to vital medical treatment." *§ 2255 Motion* at 11.

The Government has moved to dismiss the § 2255 Motion and the Motion for Bail contending that issues regarding medical condition and treatment do not provide a basis for § 2255 relief, that counsel's performance was not objectively unreasonable, that the claims are speculative, and that he has not been prejudiced.

## LEGAL STANDARD

**1.     28 U.S.C. § 2255**

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack."  28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."   If the Court does not dismiss pursuant to Rule 4(b), the Court shall order the Government "to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

The Court may dismiss a § 2255 motion at other stages of the proceeding such as pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record.  *See* Advisory Committee Notes

following Rule 8 of the Rules Governing Section 2254 Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.

**2.     Ineffective Assistance of Counsel**

The well-established two-prong test for evaluating ineffective assistance of counsel claims is deficient performance and resulting prejudice. *See Strickland v. Washington*, 466 U. S. 668 (1984). Mere conclusory allegations are insufficient to state a claim of ineffective assistance of counsel. *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989). The *Strickland* standard is "highly demanding." *Kimmelman v. Morrision*, 477 U.S. 365, 381-82; 386 (1986).

In order to establish deficient performance, a defendant must overcome the strong presumption that counsel's performance falls "within the wide range of reasonable professional assistance" by showing that counsel's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688-89. In order to establish prejudice, a defendant must affirmatively prove by a reasonable degree of probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. at 694.

Both prongs of the *Strickland* test must be met "before it can be said that a conviction (or sentence) 'resulted from a breakdown in the adversary process that render[ed] the result [of the proceeding] unreliable' and thus in violation of the Sixth Amendment." *United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005) (quoting

*Strickland*, 466 U.S. at 687). In evaluating an ineffective assistance of counsel claim, the Court may consider the performance and prejudice components of the *Strickland* test in either order. *Strickland*, 466 U.S. at 697. Furthermore, the Court need not consider one component if there is an insufficient showing of the other. *Id.*

## DISCUSSION

There is no dispute regarding the seriousness of Weitzman's longstanding medical condition. It was amply documented throughout the various stages of the underlying criminal case. Indeed, hearings were continued for long periods of time to allow Weitzman to undergo treatment whenever his condition deteriorated to the point where he could not adequately participate in the proceedings. Furthermore, the Court was well aware of the concerns of counsel at sentencing when he argued for a sentence of probation with home confinement. Nevertheless, regardless of how much the Court may be sensitive to his concerns, it cannot grant relief under § 2255.

1. **§ 2255 Does Not Apply to Claims Pertaining to Inadequate Medical Care**

Section 2255 pertains to challenges to the legality or validity of a conviction or sentence. The crux of Weitzman's issue is that BOP is allegedly refusing to provide what may be his only viable medical treatment. That claim would appear to be more appropriately addressed in either of two ways. First, he could challenge the execution of his sentence pursuant to 28 U.S.C. § 2241. *See Hernandez v. Campbell*, 204 F.3d 861, 864-65 (9th Cir. 1999) (§ 2241 is the appropriate vehicle for challenging the manner, location, or condition under which a sentence is executed and must be brought in the

custodial court). Secondly, he could bring a civil rights claim pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) alleging deliberate indifference to his serious medical needs in violation of the Eighth Amendment. *See Pollard v. The GEO Group, Inc.*, 629 F.3d 843, 863 (9th Cir. 2010) (noting that courts have regularly recognized Eighth Amendment *Bivens* actions against federal prison officials).

The Court expresses no opinion on which of the two options is more appropriate or whether Wetizman would likely prevail on either one of the options. However, even if § 2255 were the appropriate vehicle for receiving treatment, Weitzman's claim is subject to dismissal.

**2. Argument is Based on an Inaccurate Account of What Transpired at Sentencing.**

Weitzman's § 2255 Motion and his Response to the Motion to Dismiss are replete with references to counsel's erroneously advising the Court at sentencing about the availability of a medical furlough program that the Court allegedly relied upon to Weitzman's detriment. The argument is summarized very well in his Response:

> Here, Mr. Weitzman argues that this Court would not have necessarily sentenced him to 27 months confinement, nor indirectly cause (sic) him to be incarcerated 2500 miles from his physicians and family, had Defense counsel brought to this Court's attention that the BOP would not permit Weitzman a medical furlough to maintain his treatment at Stanford University. Defense counsel's research and argument on the availability of a medical furlough plainly affected this Court's thinking at sentencing.

*Response* at 10, Dkt. 9.

In resolving a § 2255 motion as opposed to a § 2254 habeas petition challenging a state conviction, a court has the benefit of referring to the record, its notes, and its own recollections of a proceeding or of counsel. Here, the Court's recollection that *it* had advised *counsel* of the possibility of a medical furlough was confirmed by a review of the rough transcript of the sentencing hearing.[2]

A review of the transcript reveals that the first mention of Weitzman's health was the Court's comments during AUSA Stiles' sentencing argument. The Court noted that it had determined that furloughs "can" be granted or accommodated. Then, at the outset of defense counsel's sentencing argument, the Court indicated that there are statutory provisions for medical furloughs and that it would make a "very strong recommendation" to the BOP for a furlough. Next, during his argument, defense counsel stated that he did not think that Weitzman would get a furlough to go to Stanford once a week to continue the clinical trial but that it was something he could look into.

Counsel may have researched the furlough statute and related BOP policies prior to sentencing. However, there is clearly no evidentiary support for the claim that defense counsel enlightened the Court at sentencing about the possibility of a furlough and persuaded the Court that it would be an available option. The primary thrust of counsel's

---

[2] The Court may rely on the draft transcript as augmented by its own notes and recollections in reaching its decision on the § 2255 Motion. The official transcript has been ordered, but given the urgency of this § 2255 Motion, this decision may be filed before the official transcript is filed.

argument regarding Weitzman's medical condition was that Weitzman would die in prison if sentenced to a term of imprisonment.

Even if the Court were to liberally construe Weitzman's argument to include the scenario suggested in the § 2255 Motion or to assume that counsel was ineffective for not advising the Court at sentencing that the BOP practice (as opposed to policy) was to deny furloughs for clinical trials, the claim would still fail.

### 3. Counsel's Performance was not Objectively Unreasonable

Defense counsel's strategy at sentencing was to argue vociferously and eloquently for a sentence of home confinement. His argument was based primarily on Weitzman's health issues but also stressed Weitzman's failure to recognize red flags that should have alerted him that he was assisting in money laundering, his otherwise exemplary life, his age, and his contributions to the community. To so argue was a reasonable strategy. Any attempt to persuade the Court that BOP had a furlough policy for medical treatment would have undermined his arguments for home detention.

Counsel's arguments convinced the Court to impose a sentence of approximately half the capped guideline range and one-third of what the guideline range would have been absent the five-year statutory maximum. Counsel was aware, either through his own efforts or that of the Court's, that there was a statute and BOP policy providing for medical furloughs. He has cited no authority indicating that it is objectively unreasonable to fail to look behind a BOP policy to determine BOP's actual practices implemented under that policy. The Court simply can not find that failure to look behind the policy

constitutes an error of constitutional dimension. However, even if it did, Weitzman would still have to demonstrate prejudice.

**4.      Prejudice**

The appropriate measure of prejudice is not whether Weitzman's health has deteriorated absent treatment and continues to do so. As stated above, Weitzman must demonstrate that absent the alleged deficient performance, the result of the proceeding would have been different. His contention that the Court otherwise would have "not necessarily" sentenced Weitzman to 27 months of imprisonment is purely speculative. *Response* at 10. The wording of the contention itself suggests the speculation. Furthermore, a review of the transcript indicates that the Court was well aware of the fact that the BOP might not grant a furlough yet still imposed the 27-month sentence.

The Court cited 18 U.S.C. § 3622(1) and BOP Policy Statement 5280.08 regarding furloughs when discussing the § 3553(a) factor of Weitzman's health.[3] The Court noted that the policy "may allow" a furlough and noted that the BOP is "generally very cooperative" regarding medical care. The Court further stated that the BOP "may very well accommodate" a request for furlough. The Court then recommended to the BOP that it grant a furlough for the clinical trial while at the same time stating that all it could do was make the recommendation. Although the possibility of a furlough "provided some comfort" to the Court, at no time did the Court indicate that it would have imposed a

---

[3] Policy Statement 5280.08 refers to furloughs in general, including medical furloughs. Policy Statement 6031.01 cited by defense counsel more specifically relates to furloughs in the context of patient care.

**MEMORANDUM DECISION AND ORDER - 10**

lesser sentence or probation were a furlough not an option.  In other words, the Court knew at the time it imposed sentence that BOP in its discretion could decide not to grant a furlough.  Accordingly, Weitzman has not demonstrated prejudice.

## CONCLUSION

Generally, a § 2255 motion is brought by a prisoner pro se or by new counsel.  This case is unusual in that counsel himself is trying to emphatically persuade the Court that he provided ineffective assistance of counsel.  However, counsel's claims of his own ineffectiveness cannot compel § 2255 relief in these circumstances.

Given the rapid deterioration of Weitzman's health, pursuing relief under § 2241 or *Bivens* may not be feasible.  The Court encourages both defense counsel and the Government to continue to work with the BOP to reach a practical solution to secure effective treatment whether it is the Stanford clinical trial or another viable option.

The Court is hopeful, given its experience noted at the sentencing hearing that BOP is generally very cooperative regarding medical care, the Declaration of Elizabeth A. Nagy, and the statements of defense counsel in his Response regarding some movement by the BOP, that a suitable arrangement for treatment can be made without further delay.[4]

---

[4] Elizabeth A. Nagy is the Special Assistant to the Assistant Director/General Counsel for the BOP.  Her Declaration submitted by the Government to "clarify the record in response to the factual allegations made in the § 2255 motion and memorandum," indicates that an inmate's participation in a clinical trial is determined on a case-by-case basis and is not dependent on granting of a medical furlough. *Nagy Decl.*, Dkt. 7.  Furthermore, defense counsel acknowledges in his Response that since the filing of the § 2255 Motion, the BOP has requested Stanford's clinical administrator to explore three options for administering the clinical trial.  *Response* at 5-6.

## CERTIFICATE OF APPEALABILITY

A § 2255 movant cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when a movant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when the court has dismissed a § 2255 motion (or claims within a § 2255 motion) on procedural grounds, the movant must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[5] When the court has denied a § 2255 motion or claims within the motion on the merits, the movant must show that reasonable jurists would find the court's decision on the merits to be debatable or wrong. *Slack,* 529 U.S. at 484; *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006).

After carefully considering the record and the relevant case law, the Court finds that reasonable jurists would not find the Court's determination that Weitzman has not demonstrated either deficient performance or prejudice to be debatable or wrong. Accordingly, a certificate of appealability will not issue.

## ORDER

---

[5] The requirements for a certificate of appealability for a § 2255 appeal do not appear to differ from the requirements for a certificate of appealability for a § 2254 habeas petition related to a state conviction. *See United States v. Asrar*, 116 F.3d 1268 (9th Cir. 1997). Therefore, cases addressing the requirements in the context of a § 2254 proceeding are pertinent to a § 2255 proceeding as well.

**IT IS ORDERED:**

1. The Government's Motion to Dismiss (Dkt. 8) is **GRANTED**.

2. Lawrence Weitzman's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. 1) is **DISMISSED** in its entirety.

3. Weitzman's Motion for Bail is **MOOT**.

4. No certificate of appealability shall issue. Weitzman is advised that he may still request a certificate of appealability from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b) and Local Ninth Circuit Rule 22-1. To do so, he must file a timely notice of appeal.

5. If Weitzman files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals. The district court's file in this case is available for review online at www.id.uscourts.gov.

DATED: **June 15, 2011**

Honorable B. Lynn Winmill
Chief U. S. District Judge